IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01494-BNB

JUSTIN WHITE,

Applicant,

v.

J. M. WILNER, Warden, FCI-Florence,

Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 26 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Justin White is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution at Florence, Colorado. Mr. White has filed *pro se* an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on August 7, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On September 16, 2008, Magistrate Judge Boland entered a second order directing Respondent to file a preliminary response because Respondent had not responded to the August 7 order. On October 14, 2008, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. Mr. White was given an opportunity to file a reply to the preliminary response but he has not done so.

The Court must construe the habeas corpus application liberally because Mr. White is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application is held to standards less stringent than those governing a formal pleading drafted by lawyers. **See id.** However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. White is challenging the determination that he is not eligible for a sentence reduction upon successful completion of a BOP substance abuse treatment program. Mr. White specifically argues that the offense for which he was convicted is not a violent offense that would disqualify him from eligibility for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B).

Respondent argues that this action should be dismissed because Mr. White has failed to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. White. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28

C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

Mr. White concedes in the application that he has not exhausted administrative remedies prior to filing the instant action and, as noted above, he has not filed a reply to the preliminary response. However, Mr. White argues in the application that the exhaustion requirement should be excused because exhaustion of administrative remedies would be futile. Mr. White specifically argues in the application that exhaustion would be futile because Respondent has refused to respond to his administrative remedy submissions and because Respondent has taken the position that Mr. White is not eligible for a sentence reduction and will not revisit the issue.

Mr. White is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile in this action. For one thing, Mr. White fails to demonstrate that he has filed any administrative remedy requests regarding the issue he raises in this action. According to the BOP records submitted by Respondent in support of his preliminary response, Mr. White has not filed any administrative remedy requests relevant to the issue he raises in this action. Mr. White's conclusory and unsupported allegation that Respondent has refused to respond to his administrative remedy submissions is insufficient to demonstrate that exhaustion would be futile. *See Mackey*

*v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust.").

Furthermore, even if Mr. White did file an administrative remedy request that was not answered, he had the option of proceeding to the next step of the administrative remedy procedure when the time for a response expired. *See* 28 C.F.R. § 542.18. Mr. White does not allege that he made any effort to proceed to the next step of the administrative remedy procedure when he did not receive responses to the administrative remedy submissions he allegedly filed.

Mr. White's argument that exhaustion would be futile because Respondent has taken the position that Mr. White is not entitled to a sentence reduction and will not revisit the issue also lacks merit. The administrative remedy procedure provides two levels of review beyond any decision by Respondent in this action. Therefore, even if Respondent has predetermined the issue, exhaustion of administrative remedies is not futile because Mr. White can appeal that decision.

For all of these reasons, the Court finds that Mr. White fails to demonstrate that exhaustion of administrative remedies would be futile. Mr. White may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 26 day of Nov., 2008.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01494-BNB

Justin White
Reg. No. 76302-179
FCI - Florence
PO Box 6000
Florence, CO 81226

Paul Farley
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/26/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk